UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
BRICKLAYERS INSURANCE AND   :
WELFARE FUND, *et al.*,      :
             :
       Plaintiffs,  :
             : **MEMORANDUM**
  - against -      : **DECISION AND ORDER**
             :
             : 18-cv-2476 (BMC)
VERTICAL BUILDING CONCEPTS  :
CORP., *et al.*,        :
             :
       Defendants. :
             :
--------------------------------------------------------- X

**COGAN**, District Judge.

   This is an action by the representative of various benefit funds under ERISA, 29 U.S.C. § 1145, 1104, and 1109, seeking to collect unpaid fund contributions and dues checkoffs owed by a subcontractor that employed union members covered by the funds. It is before the Court on plaintiffs' motion for a default judgment. The motion is granted.

## BACKGROUND

   The unpaid contributions and dues at issue in this case originate from a construction project for low income and special needs housing known as the El Rio Residences in the Bronx, which took place in 2014. Plaintiffs' beneficiaries were employed by one of the subcontractors on the job, defendant Vertical Building Concepts, Inc., which had received its subcontract from the general contractor, G. Fazio Construction Corp. Vertical paid the contributions and dues for January through March, 2014, but defaulted on the contributions required from April through December of that year.

This is the second action addressing this unpaid debt. The prior action was <u>Bricklayers Insurance and Welfare Fund v. Vertical Building Concepts Corp.</u>, No. 15-cv-0886 (E.D.N.Y.) (the "2015 action"). In the 2015 action, plaintiffs sued Vertical; its owner, defendant Anthony P. Frascone; the general contractor, G. Fazio Construction Corp.; and the general contractor's surety bond company, Western Surety Company.

The 2015 action settled on September 8, 2016, when Frascone assumed personal liability for Vertical's debt and guaranteed payment of $248,168.49 over time, secured by a confession of judgment. Frascone made six payments and then defaulted, leaving $134,445.65 due, and plaintiffs obtained judgment against him for that amount.

Plaintiffs commenced the instant case on April 26, 2018, again seeking to collect the unpaid balance of the settlement. Plaintiffs again sued Frascone, G. Fazio, Western, and Vertical, but settled with the first three without prejudice to their right to collect the full amount from Vertical.

Vertical failed to respond to the complaint and the Clerk entered its default on October 9, 2018 pursuant to Fed. R. Civ. P. 55(a).

## DISCUSSION

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence…the court may conduct such hearings or order such references as it

deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)).  The Second Circuit

has held that as long as a district court "ensured that there was a basis for the damages specified

in the default judgment," such as by relying on detailed affidavits and documentary evidence, it

is not necessary for the court to hold a hearing.  Transatlantic Marine Claims Agency, Inc. v. Ace

Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Plaintiffs' counsel has submitted an Affidavit in Support of this motion for Default

Judgment.  That affidavit exhibits copies of the prime contract between G. Fazio and the owner;

the subcontract between G. Fazio and Vertical; the collective bargaining agreement to which

Vertical is a party; the shop steward reports and wage/benefit schedules that form the basis for

Vertical's liability; the Western surety bond; Frascone's settlement documents, including the

confession of judgment; the canceled checks that Frascone tendered before his default; and the

state court's judgment based on the confession.

These submissions are sufficient evidence to form the basis for an award of damages in

the amount of $116,561.37 in principal plus $17,742.79 in interest due from Vertical. In addition,

the settlement agreement with Frascone had a snap-back provision for $38,948.50 in liquidated

damages.  Finally, plaintiffs are not seeking attorneys' fees but are entitled to $400 in costs.

### CONCLUSION

The motion for a default judgment is granted.  Judgment will be entered accordingly.

**SO ORDERED.**

Dated: Brooklyn, New York
      September 19, 2017

_____
U.S.D.J.